UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DIVINE MILL MUSIC, et al.,

    Plaintiffs,

    v.

BLACKMON'S INC., et al.,

    Defendants.

Case No. 08-cv-501-JPG

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Motion for Default Judgment brought by Plaintiffs Divine Mill Music, Fingaz Goal Music, UH OH Entertainment, Inc., Sony/ATV Harmony, Pure Love Music, Inc., WUT'SHAWN-A Do Music, Inc., Neutral Grey Music, TVT Music Enterprises, LLC, 50 Cent Music, Controversy Music, Jobete Music Co., Inc., Frankie Christian Gaye, Marvin Gaye, III, and Nona Marvisa Gaye against Defendants Blackmon's, Inc., and Jonnie Blackmon (Doc. 20). For the following reasons the motion will be granted and the Clerk of Court will be directed to enter judgment as follows: (1) Plaintiffs are awarded statutory damages under 17 U.S.C. § 504(c)(1) in the total amount of $42,000; (2) Plaintiffs are awarded $5,121.60 in attorney's fees and costs under 17 U.S.C. § 505; and (3) Plaintiffs are awarded permanent injunctive relief under 17 U.S.C. § 502.

### **BACKGROUND**

Plaintiffs filed this action against Defendants on July 14, 2008, seeking damages and injunctive relief for willful copyright infringement under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq*. Plaintiffs allege they are the owners of the copyrights in six musical compositions listed in the exhibit attached to Plaintiffs's complaint.

Plaintiffs allege that they have granted the American Association of Composers, Authors and Publishers (ASCAP) a nonexclusive right to license public performances of Plaintiffs's copyrighted musical compositions. Plaintiffs allege that Defendants have infringed their copyrights , in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.,* by publicly performing Plaintiffs's musical compositions without having obtained a license to do so from ASCAP. Plaintiffs allege that Defendants's acts of infringement have been knowing, willful and intentional. In their complaint Plaintiffs seek: (1) statutory damages pursuant to 17 U.S.C. § 504(c); (2) costs pursuant to 17 U.S.C. § 505; and (3) injunctive relief pursuant to 17 U.S.C. §§ 502(a) prohibiting Defendant from publicly performing any copyrighted musical composition in the ASCAP repertory without proper license or authorization.

Although Defendants Jonnie Blackmon and Blackmon's, Inc. were properly served with Plaintiffs's complaint on August 6, 2008, they did not file an answer or otherwise respond to the complaint. On August 26, 2008, Plaintiffs filed a motion for entry of default (Doc. 17), whereupon a default was entered by the Clerk of Court on August 28, 2008 (Doc. 19). Plaintiffs now have moved for entry of a default judgment against Defendants (Doc. 20), requesting an award of statutory damages under 17 U.S.C. § 504(c)(1) in the total amount of $42,000, an award of attorneys fees and costs under 17 U.S.C. § 505 in the total amount of $5,121.60, and permanent injunctive relief under 17 U.S.C. §§ 502(a). Having reviewed carefully Plaintiffs's submissions in support of their request for entry of a default judgment in this case, the Court now is prepared to rule.

**ANALYSIS**

"As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants

[are] liable to plaintiff as to each cause of action alleged in the complaint.' . . . Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)). *See also In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

Here, the allegations in Plaintiffs's Complaint establish the following facts. Plaintiffs own the copyrights in the six musical compositions set forth in schedule A to the Complaint and are members of ASCAP, a performing rights licensing organization. Defendants own an East St. Louis nightclub, Club Illusion, which publicly performed Plaintiffs's copyrighted musical compositions without having obtained a licence to do so. Since 1999, Plaintiffs have repeatedly contacted Defendants by telephone and by letter, notifying them of the need to have a license or advance permission to publicly perform the musical compositions in ASCAP's repertory. Defendants hung up on phone calls and failed to respond to letters. Defendants have failed to procure an ASCAP license. If Defendants had obtained an ASCAP license, the licensing fees for the period from December 1, 1999 through December 31, 2008, would have totaled $18,149.75. From these allegations, deemed admitted, the Court concludes that Plaintiffs have established a prima facie case of liability for copyright infringement. Therefore, the Court turns to the question of the remedies to which Plaintiffs are entitled for the infringement.

## I. STATUTORY DAMAGES

Under the Copyright Act of 1976, a plaintiff whose copyright has been infringed may elect to recover either the actual damages suffered and any profits made by the infringers or, instead of actual damages, the plaintiff may elect to receive statutory damages under 17 U.S.C. §

504(c). *See Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (citing 17 U.S.C. § 504(c)(1)); *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1114 (2d Cir. 1986) (citing 17 U.S.C. §§ 504(b), 504(c)(1)). Title 17 of the United States Code provides, in relevant part:

> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c).

In this case, Plaintiffs have elected to seek statutory damages against Defendants pursuant to 17 U.S.C. § 504(c). Plaintiffs request statutory damages in the total principal amount of $42,000, or $7,000 per infringement of each of the six copyrighted musical composition. The statute invests the district court with wide discretion to set damages within the statutory limits. *See, F.W. Woolworth Co. v. Contemporary Art, Inc.*, 344 U.S. 228, 231-32 (1952). In setting statutory damages, the court should consider "the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendants's conduct, and the infringers's state of mind whether wilful, knowing, or merely innocent." *Boz Scaggs Music v. KND Corp.*, 491 F.Supp 908, 914 (D.C. Conn. 1980). Here, Defendants saved the $18,149.75 they otherwise would have had to pay in ASCAP licencing fees. Additionally, Defendants ignored Plaintiffs's repeated attempts to get them to voluntarily comply with the Copyright Act. Accordingly, the Court finds that Defendants acted willfully and knowingly in violating Plaintiffs's copyrights. In order to prevent Defendants from profiting from their willful copyright violations, the Court will set the statutory damages to which

Plaintiffs are entitled at $7,000 per work infringed, for a total principal amount of $42,000.

## II. INJUNCTIVE RELIEF

Title 17 of the United States Code states in pertinent part that "[a]ny court . . . may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Although "the issuance of an injunction is in the discretion of the court, courts have traditionally granted permanent injunctions if liability is established and a continuing threat to a copyright exists." *Jobete Music Co. v. Johnson Commc'ns, Inc.*, 285 F. Supp. 2d 1077, 1092 (S.D. Ohio 2003). In *Sailor Music v. IML Corp.*, 867 F. Supp. 565 (E.D. Mich.1994), the court observed that permanent injunctions typically are granted in cases involving infringement of copyrights in sound recordings "because of the strong probability that unlawful performances of other copyrighted material will occur." *Id.* at 569. Given "the public interest . . . in upholding copyright protections," injunctions regularly are issued pursuant to 17 U.S.C. § 502. *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) (quoting *Autoskill, Inc. v. National Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993)). Moreover, "[c]ourts also regularly issue injunctions as part of default judgments." *Id.* (citing *Sony Music Entm't, Inc. v. Global Arts Prods.*, 45 F. Supp. 2d 1345, 1347-48 (S.D. Fla. 1999)) (granting a permanent injunction as part of a default judgment in a copyright infringement case).

As discussed, Plaintiffs have established Defendants's liability for infringement of their copyrights in the six musical compositions. Under the circumstances of this case, failure to grant the permanent injunction sought by Plaintiffs would expose them to further infringement of their copyrights by Defendants. Therefore, the Court will issue the requested permanent injunction

5

under 17 U.S.C. §§ 502.

### III. ATTORNEY'S FEES AND COSTS

Finally, Plaintiffs request costs and attorney's fees in the amount of $5,121.60. 17 U.S.C. § 505 provides in pertinent part:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party. . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

"Traditionally, 'although not required to do so, courts routinely award costs to the prevailing party in copyright cases.'" *Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356, 365 (S.D.N.Y. 2003) (quoting *National Football League v. PrimeTime 24 Joint Venture*, 131 F. Supp. 2d 458, 484 (S.D.N.Y. 2001)) (collecting cases). Additionally, the court may, in its discretion, award attorney's fees when the goals and objectives of the Copyright Act would be furthered by such a fee award. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). One of the goals of the Copyright Act is to discourage infringement. *Id*. at 526.

Attorney Douglas Copeland states in his affidavit that Plaintiffs have incurred costs in the amount of $556.60 in prosecuting this suit. The Court concludes that the requested $556.60 in costs is reasonable and should be awarded. Copeland's affidavit also sets forth the qualifications of the attorneys and paralegal who worked on this case, each of their hourly rates, and the actual hours expended by each. The Court finds that the amount of attorney's fees requested, $4,565 is reasonable, and that an award of attorney's fees in this case will further the goal of the Copyright Act of discouraging infringement. Accordingly, the Court will grant Plaintiffs attorney's fees and costs in the total principal amount of $5,121.60.

### CONCLUSION

The Court **GRANTS** the Motion for Default Judgment (Doc. 20) and **ORDERS** that Plaintiffs are awarded statutory damages under 17 U.S.C. § 504(c)(1) in the total amount of $42,000, with interest to accrue on that amount as prescribed under 28 U.S.C. § 1961, and that Plaintiffs are awarded $5,121.60 in attorney's fees and costs under 17 U.S.C. § 505.

Pursuant to 17 U.S.C. § 502, it is **FURTHER ORDERED** that Defendants shall be and hereby are permanently enjoined and restrained from publicly performing any copyrighted musical composition in the American Society of Composers, Authors and Publishers (ASCAP) repertory without proper licence or authorization. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: November 5, 2008**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**